UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SILVA et al. | CIVIL ACTION |
| VERSUS | NO. 06-8069 |
| ZURICH AMERICAN INSURANCE COMPANY et al. | SECTION "T"(4) |

### ORDER & REASONS

Before the Court is the plaintiffs' Motion for Partial Summary judgment on the issue of bad faith claims against defendant Zurich American Insurance Company ("Zurich"). Rec. Doc. No. 8. For the following reasons, the motion is **DENIED**.

### I.   BACKGROUND

Plaintiffs, Brian and Tracey Silva, own commercial property located at 2831 Belle Chase Highway, Terrytown, Louisiana. Defendant, Hollywood Entertainment Corporation ("Hollywood"), leased approximately 7,488 square feet of Plaintiffs' property for its audio and video retail store, Hollywood Video, pursuant to a 15-year lease agreement. Rec. Doc. No. 8, Exhibit A. Hollywood originally entered into said lease agreement with the previous property owner, R.E. Ferrell Inc. The

Silvas assumed the lease when they acquired the commercial property at issue.  Rec. Doc. No. 8-2, p. 2.

Hurricane Katrina caused significant non-flood related damage to the plaintiffs' property. Plaintiffs aver that defendant Hollywood was obligated under the lease to maintain and repair the property, but that in the event of casualty damages, the landlord would commence repairs upon receipt of the insurance proceeds.

Plaintiffs filed suit in the 24th Judicial District Court for the Parish of Jefferson on August 29, 2006 naming Hollywood and Zurich as defendants.  Rec. Doc. No. 1-2, p. 3.  Plaintiffs' causes of action against Zurich include failure to remit payment under La. R.S. 22:658, breach of duty and failure to timely investigate under La. R.S. 22:1220, failure to pay policy limits pursuant to La. R.S. 22:695, and breach of insurance contract.  Plaintiffs' causes of action against Hollywood include an action for breach of lease, seeking compensation for plaintiffs' labor, time and expense, lost value of the commercial property due to Hollywood's lack of cooperation, and attorneys' fees and costs.

Zurich removed this action to federal court by filing its Notice of Removal on October 13, 2006.  Rec. Doc. No. 1.  Jurisdiction is predicated on federal diversity jurisdiction under 28 U.S.C. §1332.  Plaintiffs filed this motion for partial summary judgment on April 30, 2007, seeking adjudication by the Court declaring that there is no issue of material fact that Zurich was arbitrary, capricious and in bad faith in adjusting the plaintiff's insurance claim.

**II.   MOTION FOR SUMMARY JUDGMENT**

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to

judgment as a matter of law. A fact is material if it "might affect the outcome of the suit under governing law[.]" Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986). A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See id. Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. Id. at 249-50 (citations omitted). Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992). Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. Id. Hearsay evidence and unsworn documents do not qualify as competent opposing evidence. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987). Finally, in evaluating the summary judgment motion, the court must read the facts in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255.

### III.   LIABILITY FOR BAD FAITH

Plaintiffs' motion seeks damages from Zurich for its breach of certain statutory duties owed by an insurer in investigating, adjusting and paying claims. Plaintiffs' argument is predicated on

the fact that they are "additional insureds" on policy number MLP 4275232-00 issued by Zurich to Hollywood, pursuant to plaintiff's lease with Hollywood. According to the plaintiffs' memoradum in support of its motion, Section 6 of the Lease Agreement required Hollywood to maintain liability, casualty and rental interruption insurance policies naming the property owner as an additional insured. Rec. Doc. No. 8-2, p. 2.

Louisiana Law has established that insurers owe certain duties to their policy holders in adjusting and paying claims. La. R.S. 22:658 (A)(1) requires the insurer to "..pay the amount of any claim due any insured within thirty (30) days after receipt of satisfactory proof of loss from the insured..." Id. The statute further requires the insurer to initiate an adjustment of a claim within thirty (30) days after notification of a catastrophic loss, and a failure of compliance will subject the insurer to penalties provided under R.S. 22:1220. The statute goes on to describe the penalties imposed when the failure to comply is found to be "arbitrary, capricious, or without probable cause." Id.

Louisiana Revised Statute 22:1220 codifies an insurer's duty of good faith and fair dealing toward its insured, including the duty to adjust claims fairly and promptly. Louisiana Revised Statute 22:1220(A) provides, in pertinent part, as follows:

> A. An insurer owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.        La. R.S. 22:1220(A).

The same statute also provides:

> B. Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in Subsection A:

4

> (5) Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is <u>arbitrary, capricious, or without probable cause</u>. La. R.S. 22:1220(B)5 (emphasis added).

However, Louisiana "jurisprudence has recognized the right of insurance companies to litigate questionable claims without being subjected to damages and penalties." <u>Delahoussaye v. Madere</u>, 733 So.2d 679, 689 (5th Cir. 1999)(citing <u>Darby v. Safeco Insurance Company of America</u>, 545 So.2d 1022 )(holding that the court of appeal properly reversed the jury's award of attorney fees based on its finding that the insurer had acted unreasonably or without probable cause in refusing to tender medical payments and UM coverage because the insurer had legitimate doubts about the validity of its coverage of the insured.) In <u>Delahoussaye</u>, despite the fact that the court disagreed with the insurer's position, it found that the "litigation of this claim was not arbitrary and capricious." <u>Id</u>. Therefore, the court declined to award penalties and attorney's fees.

The Louisiana First Circuit Court of Appeals has described the duty of good faith as follows:

> The phrase "arbitrary, capricious, or without probable cause" is synonymous with "vexatious." Both describe an insurer whose willful refusal of a claim is not based on a good faith defense. Bad faith has been described to mean more than mere bad judgment or negligence; it implies a dishonest purpose or evil intent. Arbitrary action is a willful and unreasoning action, without consideration for the facts and circumstances presented, or acting with unfounded motivation. An insurer's action in handling a claim is arbitrary and capricious when its willful refusal of a claim is not based on a good faith defense or is unreasonable or without probable cause.

<u>Combetta v. Ordoyne</u>, 934 So.2d 836 (La. Ct. App. 2006).

Plaintiffs' motion goes into great detail about the legal duty of the insurer, and the facts giving rise to its claim for damages due to Zurich's bad faith investigation and adjustment of its claim. Plaintiff argues that it is entitled to recover under La. R.S. 22:658 and 22:1220 if they can

establish the following three things:

> (i) that the insurer received a satisfactory proof of loss,
> (ii) that the insurer failed to pay the claim within the applicable statutory period, and
> (iii) that the insurer's failure to pay was arbitrary and capricious.

Rec. Doc. No. 8-2, p. 9 (citing Boudreaux v. State Farm Mut. Auto Ins. Co., 04-1339 (La. App. 4 Cir. 2/2/05) 896 So.2d 230, 233; Sterling v. U.S. Agencies Casualty Co., 2001-2360 (La. App. 4 Cir. 5/15/02), 818 So.2d 1053, 1057).

Plaintiffs claim that they can establish these three requirements because 1) they provided an extensive report and estimate detailing the damages to the building totaling over $400,000, and defendant never requested additional information to refute this estimate; 2) the defendant failed to provide any claim payments within the statutorily required 30 or 60 day time period not withstanding the proof of loss; and 3) Zurich's failure to do so was arbitrary and capricious as it failed to issue any advance payments upon receipt of the estimate, and refused to pay the full sum of Zurich's own estimate of damages, in excess of $266,000. Instead, plaintiffs note that defendant Zurich merely sent them a check (made out to Hollywood and the plaintiffs) in March, 2007 that was dated January 2007, for an amount of $70,891.69, an amount far less than Zurich's own estimate of the loss.

The fatal flaw in this analysis, according to Zurich, is that the plaintiffs are not additional insureds under the Zurich policy and therefore have no right to bring a claim for bad faith. Zurich further argues that there has been no bad faith in its adjustment of the Hollywood claim under policy number MLP 4275232-00.

The portion of the policy cited by the plaintiffs in support of their argument that they are

additional insureds is contained in Section 6 of the lease. While the plaintiffs omitted this portion of the lease in its exhibits to the motion, Zurich attached Section 6 of the lease with its opposition. It states:

> 6.1 Insurance. Commencing on the Minimum Rent Commencement Date, Tenant shall obtain and maintain the following:
> (a) **Liability Insurance**. Tenant shall obtain and maintain commercial general liability insurance (herein "Liability Insurance") on the Premises and appurtenant areas, <u>naming Tenant and Landlord (as an additional insured)</u> with coverage of not less than Three Million Dollars ($3,000,000) per occurrence for combined bodily injury and property damage.
> (b) **Casualty Insurance.** Tenant shall also obtain and maintain all risk property insurance (herein "Casualty Insurance") covering fire and extended coverage, vandalism and malicious mischief, sprinkler leakage and all other perils of direct physical loss or damage insuring the improvements located in the Premises and all appurtenances thereto (including Tenant's property) for the full replacement value thereof.
> \* \* \*
> (e) Insurance Policies. … <u>Tenant shall cause to be delivered to Landlord certified copies of, or certificates evidencing the existence thereof and amounts of, the insurance, and with the additional insured, required hereunder</u>. No such policy shall be cancelable or subject to modification except after thirty (30) days' prior written notice to Landlord. Tenant shall at least thirty (30) days prior to the expiration of such policies, furnish Landlord with evidence of renewals or "insurance binders" evidencing renewal thereof, or Landlord may order such insurance and charge the cost thereof to Tenant.

Rec. Doc. No. 9-8, p. 1 (emphasis added).

According to the plain language of this policy, Hollywood is to maintain liability, casualty and rental interruption insurance policies. Only the portion of the lease concerning Liability Insurance requires Hollywood to name the plaintiffs as additional insureds. Hollywood was required under the lease to deliver to the plaintiff Landlord(s) a certified copy of the certificate that would evidence the procurement of insurance in accordance with the lease. Hollywood did so, and the certificate "Evidence of Property Insurance" was filed into the record. See Rec. Doc. No. 9-8, p. 6. This document lists Hollywood Entertainment Corporation and each of its subsidiaries as the

Insured and then lists Brian and Tracey Silva at the bottom as "Additional Interest". Next to the listing of the plaintiffs as parties of additional interest, there are three boxes wherein one could check "Mortgagee", "Loss Payee" or "Additional Insured." None of these boxes are checked. Furthermore, the plaintiffs are nowhere listed as additional insureds or as any other designation on the policy itself.

The Court finds that there is an issue of fact as to whether the Silvas ever became Additional Insureds under Zurich Policy Number MLP 4275232. While there is no direct evidence in the policy itself that they were Additional Insureds, it appears that Hollywood made representations that "[i]f your Lease/Contract requires additional insured status, the policy automatically includes your company as an additional insured." Rec. Doc. No. 28-2, p. 2. The lease specifically creates an obligation under the Liability Insurance portion to name the plaintiffs as additional insureds, but the portion on Casualty Insurance makes no such proclamation. As such, there is a genuine issue of material fact and summary judgment is inappropriate at this time.

Accordingly,

**IT IS ORDERED** that the Plaintiffs' Motion for Partial Summary Judgment be DENIED.

New Orleans, Louisiana, this 29th day of August, 2007.

**G. THOMAS PORTEOUS, JR.
UNITED STATES DISTRICT JUDGE**